# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-271V
Filed: August 25, 2017
Not for Publication

```
*************************************
SUSAN PLESS,                          *
                                      *
            Petitioner,               *
                                      *   Attorneys' fees and costs decision;
v.                                    *   lack of reasonable basis;
                                      *   somatoform disorder
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
*************************************
```

Michael G. McLaren, Memphis, TN, for petitioner.
Amy P. Kokot, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On February 26, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). On February 6, 2017, the undersigned issued a decision dismissing the case. On March 2, 2017, petitioner filed a motion for attorneys' fees and costs. For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

### PROCEDURAL HISTORY

On February 26, 2016, petitioner filed a petition under the National Childhood Vaccine

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Injury Act, alleging that her receipt of tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on May 30, 2014 caused her to develop chronic paresthesias, weakness, Guillain-Barré syndrome, somatoform disorder,[2] and neuropathy. Pet. Preamble.

The case was originally assigned to the special processing unit ("SPU"). In the Rule 4(c) Report respondent filed on August 12, 2016, respondent explained that petitioner's medical records do not support her allegations and that petitioner had failed to provide reliable evidence of causation.

The case was reassigned to the undersigned on August 24, 2016. The undersigned issued an Order to Show Cause on August 26, 2016 which explained that petitioner's medical records did not support her allegations and that petitioner's treaters attributed her complaints to somatization[3] because physical examinations and testing show that she is neurologically normal. Show Cause Order at 6.

On September 26, 2016, petitioner filed a response to the undersigned's Order to Show Cause. Petitioner asked for time to investigate whether she had GBS. Petitioner also cited cases in which petitioners were compensated for vaccines triggering or aggravating a somatoform disorder and asked for an opportunity to "develop medical proof linking her vaccine to a somatoform disorder." Show Cause Resp. at 4; Doenges v. Sec'y of HHS, No. 11-893V, 2014 WL 2619429 (Fed. Cl. Spec. Mstr. May 22, 2014); Zimmerman v. Sec'y of HHS, No. 11-859V, 2013 WL 1962335 (Fed. Cl. Spec. Mstr. Mar. 20, 2013); Stringfellow v. Sec'y of HHS, No. 09-526V, 2011 WL 1598755 (Fed. Cl. Spec. Mstr. Apr. 7, 2011); Foster v. Sec'y of HHS, No. 08-0649V, 2011 WL 2516374 (Fed. Cl. Spec. Mstr. June 1, 2011).

On September 27, 2016, the undersigned issued an Order explaining that all of the four cases cited by petitioner resulted in a stipulation for settlement and that should the instant case proceed to an entitlement hearing, "the undersigned has a strong reluctance to award damages if the only known condition petitioner has which she alleges a vaccine caused is in fact without a physical basis." Order at 1.

---

[2] Somatoform disorders [DSM-IV] are "mental disorders characterized by symptoms suggesting a general medical condition but neither fully explained by a general medical condition, the direct effects of a psychoactive substance, or another mental disorder not under voluntary control; this category includes *body dysmorphic disorder, conversion disorder, hypochondriasis, pain disorder, somatization disorder,* and *undifferentiated somatoform disorder*." Dorland's Illustrated Medical Dictionary 553 (32nd ed. 2012) (hereinafter "Dorland's").

[3] Somatization disorder [DSM-IV] is "a mental disorder characterized by multiple somatic complaints that cannot be fully explained by any known general medical condition or the direct effect of a substance, but are not intentionally feigned or produced, . . . . Complaints comprise a combination of at least multiple pain symptoms, multiple gastrointestinal symptoms, . . . and a neurological symptom." Dorland's at 553.

During a telephonic status conference on October 6, 2016, petitioner said she had retained Dr. Michael Hilton to review the case. The undersigned set a deadline of December 5, 2016 for petitioner to file an expert report from Dr. Hilton.

On December 5, 2016, petitioner made a motion for an extension of time until February 3, 2017 to file the expert report, which the undersigned granted the same day. On January 4, 2017, petitioner filed medical records from Dr. Robbie Buechler, her neurologist. Med. recs. Ex. 32. The undersigned issued on Order on January 6, 2017, requesting that petitioner ensure her expert address the fact that Dr. Buechler's testing showed petitioner's EMG and nerve conduction results were normal and that petitioner did not have chronic inflammatory demyelinating polyneuropathy ("CIDP").

On February 3, 2017, petitioner filed an unopposed motion for a decision dismissing her petition, explaining that she had been unable to secure sufficient evidence to prove entitlement to compensation in the Vaccine Program. The undersigned issued a decision dismissing petitioner's case on February 6, 2017. After judgment entered on February 10, 2017, petitioner filed an election to file a civil action on February 13, 2017.

On March 2, 2017, petitioner filed a motion for attorneys' fees and expenses, requesting attorneys' fees of $37,182.50 and attorneys' costs of $7,833.50, for a total request of $45,016.00.

On March 20, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs, arguing that petitioner did not have a reasonable basis to bring her claim. Respondent explained that petitioner never provided an expert report supporting her assertions, even though she submitted invoices from Dr. Hilton and Dr. M. Eric Gershwin. Resp. at 2. Respondent further argues that petitioner's treating doctors attributed petitioner's complaints to somatization because physical examinations and testing show petitioner is neurologically normal. Id. at 2-3. Finally, respondent explains that petitioner's counsel had ample time to review the records before he filed the petition because the statute of limitations was not going to expire until nearly a year after petitioner filed the petition. Id. at 4 n.7

On March 24, 2017, petitioner filed a reply to respondent's response to her application for attorneys' fees and costs. In her reply, petitioner argues her case was supported by reasonable basis because several of petitioner's doctors "contemplate[d] a vaccine reaction causing GBS and/or a somatoform condition," and that petitioner had test results showing abnormal ANAs and paired oligoclonal bands in her cerebral spinal fluid that are suggestive of "an immune response to an inflammatory disease." Reply at 2. Petitioner argues that since petitioners have been compensated for both GBS and somatoform disorders in the past, it was reasonable for petitioner to bring her claim. Finally, petitioner provides an expert opinion that was written by Dr. Hilton before she dismissed her claim. Dr. Hilton concludes that petitioner's "multiple and unrelated medical complaints since the summer of 2014 are directly related and causally connected to a somatoform reaction from the Tdap vaccination given on May 30, 2014." Pet'r's Reply Ex.1, at 16. Petitioner's counsel says he learned petitioner "no longer wanted to

3

continue in the [Vaccine] Program" only after he had obtained the expert report from Dr. Hilton. Reply at 5.

This matter is now ripe for adjudication.

## FACTUAL HISTORY

Petitioner received Tdap vaccine on May 30, 2014.  Med. recs. Ex. 2, at 12.

Petitioner visited various treaters on June 12, 2015, June 15, 2014, June 16, 2014, and June 19, 2014 for complaints related to a dog bite.  Id. at 3, 6; med. recs. Ex. 4, at 7; med. recs. Ex. 5, at 1-3.  Testing done on June 22, 2014 showed an abnormal ANA pattern and titer.  Med. recs. Ex. 6, at 9.

On June 23, 2014, petitioner complained of toe pain and tingling in her leg.  Med. recs. Ex. 6, at 3-4.  Upon exam, petitioner had normal gait and station, normal sensation, and normal deep tendon reflexes.  Id. at 5.  Petitioner's sensation, motor function, deep tendon reflexes, strength, and EMG results were found to be normal by various treaters on June 27, 2014, June 28, 2014, July 3, 2014, and July 20, 2014.  Med. recs. Ex. 17, at 89; med. recs. Ex. 8, at 30; med. recs. Ex. 9, at 10; med. recs. Ex. 12, at 2; med. recs. Ex. 11, at 17.  An MRI of petitioner's brain, cervical spine, and lumbar spine on June 30, 2014 did not show any demyelination.  Med. recs. Ex. 8, at 30.  A lumbar puncture performed on July 18, 2014 showed petitioner had normal cerebrospinal fluid protein although two paired oligoclonal bands were found.  Med. recs. Ex. 8, at 426.  On July 31, 2014, petitioner complained of double vision and shaking eyelids.  Med. recs. Ex. 5, at 4.  The ophthalmologist found nothing wrong with petitioner's eyes.  Id. at 6.  A nerve conduction study, EMG, and electrodiagnostic study of petitioner's right leg and left arm performed on August 17, 2014 were all normal.  Med. recs. Ex. 11, at 15.  Petitioner also visited a rheumatologist, who found she did not have any rheumatologic disease.  Id. at 4.  On November 10, 2016, petitioner was found to have normal 2+ deep tendon reflexes.  Med. recs. Ex. 32, at 4.  An EMG and nerve conduction study performed on December 13, 2016 were normal, and petitioner was found not to have CIDP.  Id. at 5-8.

Several of petitioner's treaters believed there was a mental component to petitioner's complaints.  After she was examined by Dr. Michael R. Reid on June 27, 2014 for complaints of toe pain and tingling in her leg, Dr. Reid diagnosed petitioner with general anxiety disorder, which he suspected was strongly contributing to her complaints.  Med. recs. Ex. 17, at 89.  On July 20, 2014, petitioner went to Duke Emergency Room complaining of back pain, numbness in her legs, weakness in her arms, and changes in her speech since having a lumbar puncture the day before.  Med. recs. Ex. 12, at 2.  She was found to have normal strength and reflexes and no focal deficits.  Id. at 7.  Her speech was slurred, but the slurring improved when she was distracted.  Petitioner was diagnosed with high suspicion for psychosomatic disorder.  Id. at 8. Dr. Russ Adam Bodner, a neurologist, noted on July 20, 2014 and March 6, 2015 that he suspected petitioner had a functional somatic disorder after his examinations showed no physical basis for petitioner's complaints.  Med. recs. Ex. 11, at 22; id. at 3.

## DISCUSSION

I. **Entitlement to Fees Under the Vaccine Act**

   a. **Legal Standard**

Under the Vaccine Act, a special master or the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9.

Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis."). However, as former-Chief Judge Campbell-Smith noted in her affirmance of Special Master Moran's decision not to award attorneys' fees in Chuisano, "Fee denials are expected to occur. A different construction of the statute would swallow the special master's discretion." Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014). See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

   b. **Good faith and reasonable basis**

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. Grice, 36 Fed. Cl. at 121. There is no evidence that this

petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied.

However, for the reasons outlined below, the undersigned agrees with respondent that petitioner did not have a reasonable basis to bring her claim.

### 1. Petitioner's allegation that the Tdap vaccine caused her to develop paresthesias, weakness, GBS, and neuropathy are not supported by her medical records

Petitioner's medical records do not support her allegations that she had chronic paresthesias, weakness, GBS, or neuropathy. As noted above, repeated testing showed that petitioner's complaints of tingling and weakness in her extremities did not have a physical basis. Some of petitioner's treaters did note a possible diagnosis of GBS. See med. recs. Ex. 15, at 5-7; med. recs. Ex. 16, at 1; med. recs. Ex. 17, at 2; med. recs. Ex. 8, at 1382. However, these diagnoses of possible GBS were based on petitioner's own reporting of her symptoms, not physical testing. See, e.g., med. recs. Ex. 15, at 5-7 (On September 25, 2014, Dr. Mark Redding said petitioner's *symptoms* most closely fit with a diagnosis of GBS.).

On November 10, 2016, Dr. Robbie D. Buechler diagnosed petitioner with CIDP. Med. recs. Ex. 32, at 1. However, this diagnosis is puzzling, as none of petitioner's test results supported a diagnosis of CIDP. Again, Dr. Beuchler's diagnosis appears to be based on petitioner's own report of her symptoms instead of tangible evidence. See Order dated Jan. 6, 2017, at 1 ("It is a mystery how Dr. Buechler could opine on November 10, 2016 that petitioner had CIDP since none of her prior medical records support that diagnosis.") After interpreting the results of neurological testing performed on December 13, 2016, Dr. Buechler noted there was no sign petitioner had CIDP. Med. recs. Ex. 32, at 6-7. Importantly, Dr. Buechler diagnosed petitioner in November 2016, more than eight months after petitioner filed her petition. Dr. Buechler retracted his diagnosis a little over a month later by noting there was "no sign of CIDP anymore." Id. This hardly provides petitioner a reasonable basis to bring her claim.

Finally, the fact that petitioner had an abnormal ANA pattern and paired oligoclonal bands in her cerebral spinal fluid does not provide reasonable basis for her claim. Med. recs. Ex. 6, at 9; med. recs. Ex. 8, at 426. Petitioner never alleged these findings led to a diagnosis of a disease.

### 2. Petitioner's allegation that the Tdap vaccine caused her to develop somatoform disorder does not give her a reasonable basis

Petitioner's medical records and Dr. Hilton's expert report do support a diagnosis of somatoform disorder. However, somatoform disorder denotes "physical symptoms that cannot be attributed to organic disease and appear to be of psychic origin." Dorland's Illustrated Medical Dictionary 1734 (32nd ed. 2012). In Lasnetski, the Federal Circuit found that for a petitioner to have a claim under the Vaccine Act, petitioner's injury must have a physical basis. See Lasnetski v. Sec'y of HHS, No. 17-1168, 2017 WL 3411886, at *5 (Fed. Cir. Aug. 9, 2017). The undersigned told petitioner's counsel in the instant case that she would not compensate

petitioner if the only condition she alleged a vaccine caused was without a physical basis. Order dated Sept. 27, 2016, at 1. Petitioner's counsel is now attempting to justify an award of attorneys' fees and costs by filing an expert report saying petitioner had somatoform disorder, a condition without a physical basis.

It is true that petitioners were awarded compensation for somatoform or conversion disorders in the four cases cited by petitioner in her reply. However, all four cases settled. Doenges, 2014 WL 2619429; Zimmerman, 2013 WL 1962335; Stringfellow, 2011 WL 1598755; Foster, No. 08-0649V, 2011 WL 2516374. Cases may settle for a number of reasons, including respondent deciding it is worth paying petitioner a de minimis amount instead of defending the case. Settlement does not per se mean the cases had merit.

### 3. Petitioner's counsel had ample time to investigate petitioner's claim

Counsel has a duty to investigate a claim before filing it. In Rehn v. Secretary of Health and Human Services, Judge Lettow explained "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs." 126 Fed. Cl. 86, 93 (Fed. Cl. 2016). Petitioner received Tdap vaccine on May 30, 2014. Even if petitioner's alleged vaccine injury began the day she received the vaccine, she had until May 30, 2017 before the statute of limitations would run on her claim. However, she filed her petition on February 26, 2016, meaning she still had at least one year and three months to file her claim. This would have been plenty of time for petitioner's counsel to review petitioner's medical records and discover the same issues that led to the dismissal of petitioner's case. Petitioner's counsel did not perform due diligence. See Chuisano v. Sec'y of HHS, 116 Fed. Cl. 276, 291 (May 15, 2014) (finding that a special master acted within his discretion in not finding reasonable basis because, in part, the attorneys did not establish diligence and noting "an earlier telephone call to one of the firm's regularly retained experts might have provided some evidence of timely due diligence"); Solomon v. Sec'y of HHS, No. 14–0748V, 2016 WL 8257673, at *4 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) ("Petitioner's counsel still is required to perform due diligence, given the available evidence and amount of time prior to the running of the statute of limitations.").

### CONCLUSION

The undersigned finds that an award of attorneys' fees and costs to petitioner is unreasonable. Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: August 25, 2017                                        /s/ Laura D. Millman
                                                                                                               Laura D. Millman
                                                                                                                 Special Master