# United States Court of Federal Claims

No. 16-271 V
December 13, 2018

_____

**SUSAN PLESS,**

    *Petitioner,*

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**

    *Respondent.*

_____

## OPINION AND ORDER

**Hodges,** *Senior Judge.*

    This is an appeal from Special Master Laura D. Millman in a Vaccine Act case. Petitioner Susan Pless seeks a total of $45,000 for attorney fees and costs in connection with a claim that she ultimately withdrew. Special Master Millman found that petitioner's claim lacked a reasonable basis and denied her request for attorney fees. Before the court is petitioner's Motion for Review of the special master's decision.

    Petitioner contends that despite her decision to withdraw her claim, her Petition satisfies the reasonable basis requirement in the National Childhood Vaccine Injury Act of 1986. She asks that we grant her motion and remand the case for an award of attorney fees and costs. The amount requested includes all fees and costs associated with this review.

    Respondent asserts that petitioner has not shown that the special master erred, or that her actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. For the reasons stated below, petitioner's motion is denied.

## BACKGROUND

    In her Petition, Ms. Pless claimed that she suffered injuries after receiving a TDaP vaccination in May 2014. The alleged injuries included (1) development of chronic paresthesias; (2) weakness; (3) Guillain-Barre Syndrome ("GBS"); (4) somatoform disorder; (5) neuropathy; and (6) other neurologic and physical impairments.

Petitioner visited various medical professionals for different ailments between June 2014 and September 2015. In February 2016, she filed a Petition alleging that her injuries occurred as a result of the TDaP vaccine. She filed a Motion for a Decision Dismissing the Petition in February 2017 because she was "unable to secure sufficient and/or persuasive evidence to prove entitlement to compensation in the Vaccine Program." The special master granted petitioner's motion and dismissed the case.

Petitioner then filed a Motion for Attorney Fees and Expenses in March 2017, to which respondent filed a motion in opposition. The special master issued a decision in August 2017 denying petitioner's motion for the following reasons: (1) petitioner's allegation that the TDaP vaccine caused her to develop Parethesias, weakness, GBS, and neuropathy are not supported by her medical records; (2) petitioner's allegation that the TDaP vaccine caused her to develop somatoform disorder does not give her a reasonable basis; and (3) petitioner's counsel had ample time to investigate petitioner's claim.

## STANDARD OF REVIEW

Even if a petitioner is not awarded compensation, reasonable attorney fees and costs may be awarded if the special master or the court determines that a petition is brought in good faith and there was "a reasonable basis" for the claim. 42 U.S.C. § 300aa-15(e)(1). A reasonable basis for a claim is an objective standard that considers the totality of the circumstances. *Id.*; *see also Chuisano v. United States*, 116 Fed. Cl. 276, 290 (2014). However, we do not find reversible error where special masters consider relevant evidence, draw plausible inferences, and set forth a rational basis for their decisions. *See Chuisano*, 116 Fed. Cl. at 293.

A special master's determination of reasonable attorney fees is a discretionary ruling that is entitled to deference from this court. *See Saxton v. Sec'y of Dep't of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991). Special masters establish a rational basis for their decisions when they have "considered the relevant evidence of record [and] drawn plausible inferences." *Hines v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991). A special master's ruling is reviewed under the abuse of discretion standard. 42 U.S.C. § 300aa-12(e)(2)(B).

## ARGUMENTS

Petitioner argues that the special master erred in determining that her claims lacked reasonable bases. According to petitioner, "her case had a reasonable basis to pursue compensation for her GBS injuries simply due to findings and diagnosis of multiple treating physicians . . . ." (ECF No. 41-1 at 11.) She argues that the special master's finding of no reasonable basis is erroneous because "the special master cites to only one other decided case, her prior assertion that 'she would not compensate petitioner if the only condition she alleged a vaccine caused was without a physical basis,' and her

note that prior somatoform cases only settled." (*Id.* at 12, ¶ 7.) As a result, she claims that the decision is an abuse of discretion because it is contrary to the applicable law.

Next, petitioner asserts that the special master improperly relied on an August 2017 Federal Circuit decision, *Lasnetski v. Sec'y of Health & Human Servs.*, which was issued after petitioner's case was filed in February 2016. Petitioner believes that the special master abused her discretion by relying on a decision made after petitioner's claim was filed because "this court has previously held that a petition can have a reasonable basis when it seeks compensation for injuries *later* held not to be covered by the Vaccine Program." (ECF No. 41-1 at 13 (citing *Scanlon v. Sec'y Health & Human Servs.*, 116 Fed. Cl. 629, 633–36 (2014) (emphasis added)).)

Finally, petitioner argues that the special master erred in determining "that petitioner's counsel's reliance on a survey of cases involving somatoform and conversion disorder cases that all resulted in compensation for petitioners did not support a reasonable basis." (ECF No. 41-1 at 14.) In support, petitioner claims that "[i]f petitioner and her counsel are not allowed to rely on the fact multiple cases have resulted in compensation for an alleged injury when determining whether a case has a reasonable basis, petitioner is at a loss as to what she can rely on when contemplating bringing a case." (ECF No. 41-1 at 14.)

In its reply, respondent argues that the special master properly denied petitioner's claim for attorney fees because the claim lacked a reasonable basis. The court agrees.

## DISCUSSION

In *Scanlon*, the court ruled that "the decision whether a particular petition was brought in good faith and had a reasonable basis at the time of filing, and therefore that counsel would be entitled to attorneys' fees, is within the discretion of the special master and is generally reviewed for abuse of discretion." 116 Fed. Cl. at 633. The issue before this court is whether the special master abused her discretion when she determined that petitioner's documentation was insufficient to support a finding that a reasonable basis existed in this case and denied the request for attorney fees.

First, the special master correctly disregarded other somatoform cases that settled. The statutory scheme directs a petitioner to inform the special master's decision with evidence and information that will establish a reasonable basis for the claim. Here, petitioner argues that the special master abused her discretion by disregarding previous somatoform cases and leaving petitioner without a basis for her argument. (ECF No. 41-1 at 14 (stating "[i]f petitioner and her counsel are not allowed to rely on . . . multiple cases [resulting in compensation], petitioner is at a loss as to what she can rely on when contemplating bringing a case").) The special master acknowledged those cases cited by petitioner but found that reliance on those cases was improper because "[c]ases may settle for a number of reasons, including respondent deciding it is worth paying petitioner a de minimis amount instead of defending the case." (ECF No. 39 at 7 ("It is true that

petitioners were awarded compensation for somatoform or conversion disorders in the four cases cited by petitioner in her reply").) The court finds the decision to disregard other somatoform cases is one that is well within the special master's discretion.

Further, the special master is correct to observe that petitioner's claim rests on a medical disorder that has "physical symptoms that cannot be attributed to organic disease and appear to be of psychic origin." (ECF No. 39 at 6 (citing Dorland's Illustrated Medical Dictionary 1734 (32nd ed. 2012)).) Regardless of the Federal Circuit's decision in *Lasnetski*, the court believes that petitioner's claim only emphasizes the need for consistent documentation of medical diagnosis by medical professionals. Here, the special master was left to consider a medical record rife with discrepancies, including patient-reported diagnoses and a doctor's retracted diagnoses. (ECF No. 39 at 6 ("Importantly, Dr. Buechler diagnosed petitioner in November 2016, more than eight months after petitioner filed her petition . . . [and] retracted his diagnosis a little over a month later . . . [t]his hardly provides petitioner a reasonable basis to bring her claim."))

The court is not persuaded that reversal of the special master's decision is appropriate. The special master correctly balanced petitioner's single expert report indicating the existence of a "somatoform reaction from the TDaP vaccination" (ECF No. 39 at 3) with ample medical records suggesting the opposite. The court finds no abuse of discretion in the special master's decision to deny petitioner's motion for a lack of reasonable basis.

## CONCLUSION

Special Master Millman correctly exercised her discretion in denying petitioner's claim for attorney fees. Therefore, the court AFFIRMS the Decision of the Special Master (ECF No. 39) and DENIES petitioner's Motion for Review of Decision (ECF No. 41).

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge